*W. N. Sweeney, for appellant. G. W. Williams, for appellee.*

---

B. F. VANMETER *v.* R. P. PEPPER.

**Guarantor—Notice of Acceptance—Pleading.**
> Where the petition fails to aver notice of acceptance of a guaranty, evidence cannot supply the place of such averment.

APPEAL FROM FRANKLIN CIRCUIT COURT.

November 9, 1875.

OPINION BY JUDGE LINDSAY:

We do not share with counsel for the appellant in the apprehension that injustice is likely to result from the practice of giving a peremptory instruction after evidence has been heard on both sides. If, upon looking into the pleadings, the court is of the opinion that the petition does not state facts constituting a cause of action, we see no reason why the jury should not be instructed to find for the defendant; but on the contrary there seems to be some weighty reasons why it should do so. If there is no cause of action in the petition, one sufficient reason for giving a peremptory instruction is that it saves the time of the court, which would otherwise be lost in the further consideration of the case.

Nor does the plaintiff lose any right of amendment by such a course; but on the contrary he has an opportunity to amend, which he would not have if, instead of a peremptory instruction, the court should allow the case to go to the jury, and then, in case a verdict should be found for the plaintiff, set it aside and render a judgment for the defendant. When the court is about to instruct to find for the defendant, it has power to allow the petition to be amended; but upon a motion for judgment, notwithstanding the verdict, no amendment can be allowed in order to support the verdict. A party who is not entitled to a verdict when it is rendered cannot sustain it by a subsequent amendment.

We still incline to the opinion that the petition was defective in failing to allege notice to the appellee of the acceptance of his guaranty. It appears in evidence that the guaranty was given in consideration that appellant would so change his note to Duckworth as to make it negotiable, and that he did so change it, and that the note afterwards came to the appellant's hands. That these facts show notice of the acceptance is not doubted, but it is not perceived how the evidence of a material fact can supply the place of an allegation of that fact in the pleadings.

If the foregoing facts appeared in the petition it would no doubt be sufficient upon this point; but as they are not alleged, and there is no express allegation of notice of acceptance, it seems to us the petition was defective on this point also.

In *Hockersmith v. Warren,* as the case is stated by counsel, the

point made was that Warren had received no notice that an arbitration had been made and an award found. There does not seem to have been any question whether he had notice of the acceptance of his guaranty. If it was not made to appear that Warren had notice that Hockersmith had accepted the guaranty and entered into an agreement to arbitrate in consideration of his undertaking to pay the award, the cases would be parallel; and if it had been held in that case that it was not necessary to aver notice of the acceptance, we should regard the opinion as authority in this case; but the failure to allege notice that an award had been made is a very different thing from a failure to allege notice of acceptance of the guaranty.

That there was no notice of a failure of the principal to perform the agreement, performance of which is guaranteed, must always come from the defendant; and he must show not only that he had no notice, but that he may suffer loss in consequence of the want of such notice.

As, for instance in this case, if appellee had sought to avoid liability on the ground that he received no notice of Duckworth's failure to comply with his contract, he would have been required to aver that he had received no notice and had or would sustain some loss by the failure to give him notice.

*Lindsey, for appellant. G. W. Craddosk, for appellee.*